NEXUS BANKRUPTCY
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951-290-2827
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MARIA MERCEDES IBARRA DE ACOSTA,<br><br>　　　　Debtor. | Case No.: 8:23-bk-10726-TA<br><br>Chapter 13<br><br>**DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br><u>Hearing</u><br>Date: May 17, 2023<br>Time: 3:00 PM<br>Courtroom 5B |

　　　Debtor, by and through her Counsel of record, Benjamin Heston, hereby responds to the Court's Order to Show Cause as follows:

## **ARGUMENT**

　　　During the pendency of the Debtor's prior bankruptcy proceedings, the Debtor's husband was diagnosed with brain cancer and was forced to take several leaves of absence from work to undergo treatment and recuperation. Given that the Debtor's husband is the primary breadwinner of the household, the Debtor was unable to meet her payment obligations and could not recover from her financial setbacks as quickly as she had hoped.

　　　The debtor's inability to make her mortgage payments resulted in the lender filing for relief from stay in mid-2020 which was resolved through an APO. Debtor was able to keep up with payments for another 2 years before her financial woes caught up to her. After the lender

1

filed a declaration of default under the terms of the APO, relief from stay was granted on February 10, 2023.

As the sole objective of the debtor's bankruptcy case was to prevent foreclosure on her home, she ceased making payments on her Chapter 13 plan. However, before the trustee could move to dismiss the case, the debtor received notice of a foreclosure sale scheduled for April 12, 2023.

Given that the debtor could not voluntarily dismiss the case without invoking a 109(g) bar, she patiently waited for the trustee's motion to dismiss, which was not filed until March 6, 2023. The motion set a deadline of March 31, 2023 for the Debtor to respond. Debtor did not respond and patiently waited for the case to be dismissed. March 31 came and went without an order being entered. Finally, on April 11, 2023, the day before the foreclosure sale, Debtor filed the instant bankruptcy proceeding.

In the case In re Studio Five Clothing Stores Inc., 192 B.R. 998 (Bankr. C.D. Cal. 1996) the Court looked at several cases stretching back to the Atkin decision and found that there is no prohibition on filing a Chapter 13 case while a prior Chapter 13 case is still pending. The court noted that these facts could be indicative of bad faith, but that this would be relevant to the bad faith inquiry already imposed on all Chapter 13 cases. The court laid out several relevant factors.

Timing of Filing: The court noted that there are no per se rules regarding when a debtor may file a subsequent bankruptcy petition. However, courts generally disfavor "serial filers" who file for bankruptcy repeatedly in quick succession to avoid creditors or abuse the bankruptcy process.

<u>Preclusion of Subsequent Filing</u>: The court recognized that a debtor's prior bankruptcy case may preclude a subsequent filing under certain circumstances. For instance, if the debtor's prior case was dismissed with prejudice, the debtor may be precluded from filing a subsequent bankruptcy petition until the expiration of the preclusion period.

<u>Good Faith</u>: The court emphasized that the filing of a subsequent bankruptcy petition must be done in good faith. To determine good faith, courts examine various factors such as the debtor's motive for filing, the reason for the prior case's dismissal, and the debtor's efforts to comply with the bankruptcy code and the court's orders.

<u>Abuse of Process</u>: The court noted that the bankruptcy process must not be used to abuse or manipulate the legal system or avoid creditors. If a debtor files a subsequent bankruptcy petition in bad faith or to abuse the process, the court may dismiss the petition or impose sanctions.

<u>Equitable Considerations</u>: The court recognized that courts may consider equitable factors when deciding whether to allow a subsequent bankruptcy filing. For instance, if the debtor has undergone significant changes in their financial circumstances since the prior bankruptcy case, a court may be more likely to permit a subsequent filing.

Here, Debtor has not acted in bad faith. If the Trustee's motion to dismiss had been granted prior to April 12, 2023, there would be nothing special about this case.

## **CONCLUSION**

For the reasons stated above, it is respectfully requested that the Court vacate the Order to Show Cause.

Date: May 10, 2023

/s/Benjamin Heston
_____
Benjamin Heston