Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Tel: (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Brian@ch13ac.com

Chapter 13 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>MARIA MERCEDES IBARRA DE ACOSTA<br><br>Debtor. | **Case No.: 8:23-bk-10726-MH**<br><br>Chapter 13<br><br>**NOTICE OF HEARING AND TRUSTEE'S REPLY TO RESPONSE TO MOTION TO DETERMINE FINAL CURE AND PAYMENT OF MORTGAGE CLAIM; DECLARATION**<br><br>Date: September 17, 2026<br>Time: 10:30 am<br>Courtroom: 6C<br>Place: 411 West Fourth Street<br>Santa Ana, CA 92701 |

**TO DEBTOR; DEBTOR'S COUNSEL; CREDITOR WELLS FARGO NATIONAL BANK, N.A.; AND ALL OTHER INTERESTED PARTIES:**

**NOTICE IS HEREBY GIVEN** that on the date and time and in the courtroom indicated above, Amrane Cohen, Chapter 13 Trustee (the "Trustee"), will and hereby does move this Court for an Order on the Motion Under Rule 3002.1(g)(4) to Determine Final Cure and Payment of the Mortgage Claim filed on May 26, 2026 as Docket No. 58 (the

"Motion") as set forth in the Motion, the proposed Order attached to this Notice and Reply, and the accompanying supporting documents served and filed herewith.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**Deadline for Response Papers:** While Fed. R. Bankr. Proc. ("FRBP") Rule 3002.1 does not proscribe a time deadline for any response to a reply and notice of hearing regarding a Motion to Determine under Rule 3002.1(g)(4), this Motion is being heard with sufficient notice such that any response should be filed with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.

**Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Dated: August 24, 2026

By: /s/ Brian D. Wirsching
Brian D. Wirsching,
Attorney for Amrane Cohen,
Chapter 13 Trustee

**REPLY TO RESPONSE TO MOTION TO DETERMINE**

The Trustee seeks a hearing an order on the Motion, as the Response to Trustee's Motion to Determine Final Cure and Payment of the Mortgage Claim filed on July 1, 2026 (the "Response") by creditor Wells Fargo Bank, N.A. ("Wells Fargo") is vague regarding whether Wells Fargo's claim was post-petition current in that the Response asserts both that Debtor was current on all post-petition payments yet also included a statement stating that the claimholder disagreed that arrears had been paid in full.

As the Trustee was the disbursing agent for post-petition payments to Wells Fargo, the Trustee sought, to no avail, to informally resolve this ambiguity with Wells Fargo regarding the status of the claim as of plan completion. As this ambiguity exists, the Trustee seeks to bring this matter to the Court's attention, such that an accurate order on the Motion may be entered as notice and hearing to Wells Fargo.

**Relevant Background.**

This case was filed on April 11, 2023. Debtor's original Chapter 13 Plan [Docket No. 19] (the "Plan") provided in Class 2 for Debtor to make post-petition contractual installment payments directly to Wells Fargo, with a cure of arrears of $38,640.00 through the Plan. Wells Fargo filed proof of claim no. 2 on June 13, 2023, which asserted pre-petition arrears of $41,479.19. [1]

On June 27, 2023, Debtor filed a Declaration Setting Forth Postpetition, Preconfirmation Payments as Docket No. 28, asserting that the May 2023 payment had been made directly to Wells Fargo.

The Trustee objected to confirmation, resulting in a Plan modification at the confirmation hearing to make the Trustee the disbursing agent to Wells Fargo, alter the monthly plan payment amount, and provide for the establishment of a claim for any post-

[1] Per Wells Fargo's proof of claim no. 2, notices and payments were to be sent to PHH Mortgage Corporation. The creditor's name and address is set up in the Trustee's database system in accordance with the requirements of the proof of claim. Therefore, Wells Fargo and PHH Mortgage both refer to the same claimant – Wells Fargo Bank, N.A, as represented by proof of claim no. 2.

petition payments due to Wells Fargo (the "GAP Claim"). The Order Confirming Chapter 13 Plan was entered on July 27, 2026 [Docket No. 38] (the "Order Confirming"). Exhibit A.

On August 18, 2023, Wells Fargo filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for $950.00.

The case proceeded rather uneventfully from confirmation to completion in April 2026, with only one motion to dismiss for delinquent plan payments filed which was voluntarily dismissed by the Trustee after the default was cured.

On April 21, 2026, the Trustee filed a Trustee's Notice of Disbursements Made [Docket No. 52] under FRBP 3002.1(g)(1) (the "Notice of Disbursements"). Exhibit B. Per the Notice of Disbursements, the Trustee had paid Wells Fargo:

a) $41,479.19 on the pre-petition arrears set forth in proof of claim no. 2, as well as $4,673.80 on the GAP claim, for a total of $46,152.99;

b) $72,300.07 for post-petition disbursements and that the last ongoing mortgage payment by the trustee was the payment due on March 2026. All subsequent ongoing mortgage payments must be made directly by the debtor to the mortgage claimant; and

c) $950.00 for allowed postpetition fees, costs, and charges.

On May 12, 2026, Wells Fargo filed a Response to Trustee's Notice of Disbursements Made (the "Notice of Disbursements Response"), in which Wells Fargo agreed in Part 2 that the prepetition arrears had been paid in full and that "the amount required to cure any post-petition arrearage has been paid in full. Exhibit C. There is added language to the form that "Debtor to resume mortgage payments beginning April 1, 2026." At Part 3, para. (b)v., Wells Fargo appears to assert accrued interest of $2,504.73, with balances in an escrow account of $1,519.13 and suspense account funds of $1,039.05, for a total of $2,558.18.

On April 23, 2026, the Trustee filed a Notice of Intent to File Final Report and Account as Docket No. 56.

On May 26, 2026, the Trustee filed the instant Motion Under Rule 3002.1 to Determine Final Cure and Payment of Mortgage Claim. The information regarding disbursements to Wells Fargo was unchanged from that set forth in the Notice of Disbursements.

On July 1, 2026, Wells Fargo filed the Response, which set forth the same information contained in the Notice of Disbursements Response.

In reviewing the Response, the Trustee sought to understand whether the information contained in Wells Fargo's Response meant that the loan was current through the end of March 2026, with accrued interest of $2,504.73 which was for which there was sufficient funds of $2,558.18 in the escrow and suspense to offset such that the loan was post-petition current through March 2026, or whether there was an amount due and owing through March 2026. As the Trustee was the disbursing agent for post-petition amounts due through March 2026, the Trustee's records should reflect that the loan was post-petition current through the time the Trustee was the disbursing agent. Wells Fargo's Response was ambiguous and subject to interpretation on this point.

The Trustee's office thereafter prepared a draft order on the Motion and circulated it between counsel for Debtor and Wells Fargo. Exhibit D. Counsel for Debtor has agreed to the order but counsel for Wells Fargo has not responded.

**The Relief Requested.**

The Trustee seeks the entry of an order on the Motion consistent with that set forth in the draft Order Determining Whether Defaults Have Been Cured and Postpetition Amounts Paid. This order substantially conforms to the non-mandatory form B4100C. Exhibit E.

It is apparent that the Trustee and Wells Fargo agree that prepetition arrears have been paid. It is even likely that there is no disagreement as to whether Wells Fargo's loan

was current through March 2026, with the next payment due April 1, 2026 to be made directly by Debtor. However, rather than assume that this is the case the Trustee seeks review from this Court and entry of an order as set forth in the exhibit, after notice and opportunity for a hearing to Wells Fargo.

In the proposed order, the Trustee uses the April 21, 2026 date for the date that Wells Fargo must not assess to the account any defaults, fees, or other charges, as this was the date of the Notice of Disbursements.

The Trustee contends that the attached proposed order is consistent with the records of both parties, and accurately reflects that the account was both pre and post-petition current at the time that the Plan completed and the Trustee ceased making payments to Wells Fargo under the Plan. Accordingly, the Trustee requests the attached order be entered, or for such other and further relief as the Court deems just and proper.

Dated: August 24, 2026 By: /s/ Brian D. Wirsching
Brian D. Wirsching,
Attorney for Amrane Cohen,
Chapter 13 Trustee

**DECLARATION OF BRIAN D. WIRSCHING**

I, Brian D. Wirsching, declare:

1. I am over the age of eighteen years and am not a party to this case. I am duly licensed to practice law before this Court. I am employed as a staff attorney for Amrane Cohen, the duly appointed chapter 13 trustee (the "Trustee") in this case. I have personal knowledge of the facts stated herein or such knowledge has been obtained by the business records of the Trustee and such records are kept in the regular course of business. It is the regular practice of the Trustee for an employee or representative with knowledge of the act, event, incident, order, transaction, invoice, condition, photo, video recording, audio recording, opinion, or diagnosis, to make the record, or to transmit information thereof to be included in such records. Said records were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters. Said records attached hereto are the exact duplicates of the originals or are computer print-outs of the original data.

2. I make this declaration regarding case number 8:23-bk-10726-MH, Maria Mercedes Ibarra de Acosta debtor ("Debtor").

3. This case was filed on April 11, 2023. Debtor's original Chapter 13 Plan [Docket No. 19] (the "Plan") provided in Class 2 for Debtor to make post-petition contractual installment payments directly to Wells Fargo Bank

4. Wells Fargo filed proof of claim no. 2 on June 13, 2023, which asserted pre-petition arrears of $41,479.19. Per Wells Fargo's proof of claim no. 2, notices and payments were to be sent to PHH Mortgage Corporation. The creditor's name and address is set up in the Trustee's database system in accordance with the requirements of the proof of claim. Therefore, Wells Fargo and PHH Mortgage both refer to the same claimant – Wells Fargo Bank, N.A, as represented by proof of claim no. 2.

5. On June 27, 2023, Debtor filed a Declaration Setting Forth Postpetition, Preconfirmation Payments as Docket No. 28, asserting that the May 2023 payment had been made directly to Wells Fargo.

6. The Trustee objected to confirmation, resulting in a Plan modification at the confirmation hearing to make the Trustee the disbursing agent to Wells Fargo, alter the monthly plan payment amount, and provide for the establishment of a claim for any post-petition payments due to Wells Fargo (the "GAP Claim"). The Order Confirming Chapter 13 Plan was entered on July 27, 2026 [Docket No. 38] (the "Order Confirming"), a true and correct copy of which is attached as Exhibit A.

7. On August 18, 2023, Wells Fargo filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for $950.00.

8. The case proceeded rather uneventfully from confirmation to completion in April 2026, with only one motion to dismiss for delinquent plan payments filed which was voluntarily dismissed by the Trustee after the default was cured.

9. On April 21, 2026, the Trustee filed a Trustee's Notice of Disbursements Made [Docket No. 52] under FRBP 3002.1(g)(1) (the "Notice of Disbursements"), a true and correct copy of which is attached as Exhibit B.

10. On May 12, 2026, Wells Fargo filed a Response to Trustee's Notice of Disbursements Made, a true and correct copy of which is attached as Exhibit C.

11. On April 23, 2026, the Trustee filed a Notice of Intent to File Final Report and Account as Docket No. 56.

12. On May 26, 2026, the Trustee filed the instant Motion Under Rule 3002.1 to Determine Final Cure and Payment of Mortgage Claim. The information regarding disbursements to Wells Fargo was unchanged from that set forth in the Notice of Disbursements.

13. On July 1, 2026, Wells Fargo filed the Response Motion Under Rule 3002.1 to Determine Final Cure and Payment of Mortgage Claim ("Response"), which set forth the same information contained in the Notice of Disbursements Response.

14. The Trustee has attempted to informally resolve an apparent ambiguity in the Response as to whether the loan was current through the end of March 2026, with accrued interest of $2,504.73 which was for which there was sufficient funds of $2,558.18 in the escrow and suspense to offset such that the loan was post-petition current through March 2026, or whether there was an amount due and owing through March 2026.

15. As the Trustee was the disbursing agent for post-petition amounts due through March 2026, the Trustee's records should reflect that that the loan was post-petition current through the time the Trustee was the disbursing agent. Wells Fargo's Response was ambiguous and subject to interpretation on this point.

16. The Trustee's office thereafter prepared a draft order on the Motion and circulated it between counsel for Debtor and Wells Fargo, a true and correct copy of which is attached as Exhibit D. Counsel for Debtor has agreed to the order but counsel for Wells Fargo has not responded to the Trustee.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on August 24, 2026, at Orange, California.

Brian Wirsching
/s/ Brian Wirsching

# EXHIBIT A

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>Amrane Cohen<br>Chapter 13 Standing Trustee<br>770 The City Drive South<br>Suite 3700<br>Orange, CA 92868<br><br>*Chapter 13 Trustee* | FOR COURT USE ONLY<br><br>FILED & ENTERED<br>JUL 27 2023<br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY jle DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>Maria Mercedes Ibarra de Acosta,<br><br>Debtor(s). | CASE NUMBER: 8:23-bk-10726-TA<br>CHAPTER 13<br><br>**ORDER CONFIRMING CHAPTER 13 PLAN**<br><br>DATE: 6/28/23<br>TIME: 1:30 p.m.<br>COURTROOM: 5B<br>ADDRESS: 411 W. 4th St., Santa Ana, CA |
|---|---|

This order pertains to the (*specify original or version of amended plan*) Original Chapter 13 Plan (Plan) filed on (*date*) 4/25/2023, docket number 19.

The Plan was served on the creditors pursuant to FRBP 3015. Debtor* appeared and was examined at a meeting of creditors conducted pursuant to 11 U.S.C. § 341(a). The court, finding that the Plan with any modification made at the confirmation hearing meets the requirements of 11 U.S.C. §§ 1322 and 1325, orders as follows:

The Plan is confirmed, with the following provisions:

I. **PLAN PAYMENTS AND LENGTH OF PLAN**

A. Debtor's Monthly Plan payments will commence on 5/11/2023 and continue on that day of the month for 60 months. These payments shall be:

Payments by Debtor of $775.00 per month for months 1 through 2.

Payments by Debtor of $3,406.00 per month for months 3 through 60.

Payments by Debtor of $______ per month for months ______ through ______.

☐ Continuation of payment schedule attached.

For a total plan length of 60 months totaling $199,098.00(the Plan base amount), plus tax refunds if required.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*
** The term "Debtor" refers to both debtor spouses in a joint bankruptcy case.*

B. ☒ This is a Fixed Percentage Plan. Claims in Classes 1 through 4 and 7 will be paid pursuant to the Order of Payments of Claims set forth below. After these payments are completed, nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* 0% of the total amount of these allowed claims.

C. ☒ This is a Residual Plan. After payments required to be made to all other creditors provided for in this Plan, this is estimated to pay a total of $ .00 and 0% to claims in Class 5.

D. Income Tax Refunds

All Debtors will provide to the Chapter 13 Trustee a copy of each income tax return filed during the Plan term within 14 days of filing the return.

☒ During the Plan term, Debtor must turn over to the Chapter 13 Trustee all tax refunds in excess of $500.00 (combined federal and state) per year.

☐ This is a 100% Plan. Unless the Plan is modified to a lower percentage, Debtor may retain tax refunds.

## II. ORDER OF PAYMENT OF CLAIMS

Unless modified by Part III.E of this Order, the Chapter 13 Trustee must make payments on claims as set forth in Section II.A of the Plan.

## III. OTHER PROVISIONS

A. ☐ Lien Avoidance

☐ 1. The Plan provides (in Section IV.A.) that Debtor will request the court to value property or avoid liens of creditors under 11 U.S.C. § 506 by separate motion(s). This court has issued order(s) on such motion(s). The affected liens are identified in **Attachment A**. Unless otherwise ordered by this court, the effective date on which such liens will be avoided is the date of completion of all Plan payments.

☐ 2. The Plan utilizes Section IV.C to modify secured claims and liens without a separate motion and serves as the motion to value the real or personal property and avoid liens and security interests of creditors. See **Attachment B** for valuation and avoidance of liens under 11 U.S.C § 506.

☐ 3. The Plan utilizes Section IV.C to avoid judicial liens or nonpossessory, nonpurchase-money security interests of creditors on real or personal property under 11 U.S.C § 522(f).

☐ See **Attachment C** for avoidance of real property judicial liens.

☐ See **Attachment D** for avoidance of judicial liens and nonpossessory, nonpurchase-money security interests of creditors on personal property.

B. ☐ Surrender of Collateral and Automatic Stay Termination

The following collateral is surrendered to secured creditors and the automatic stay provisions of 11 U.S.C. § 362(a) are terminated as to the collateral only, and the co-debtor stay under 11 U.S.C. §1301 is terminated in all respects, upon entry of this order.

| | COLLATERAL | SECURED CREDITOR |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |

C. Attorney's Fees

1. ☒ Attorney for Debtor is employed under the Rights and Responsibility Agreement (RARA) and is awarded Base Fees of $5,000.00. Having received $1,500.00, Attorney for Debtor is entitled to a payment of $3,500.00 from the bankruptcy estate on account of such Base Fees.

2. ☐ Attorney for Debtor is employed on an hourly fee contract. All fee awards shall be by separate order.

D. The Chapter 13 Trustee is authorized to make payment to creditors holding allowed secured claims based on the Plan. However, the amounts listed on a proof of claim for an allowed secured claim control over any contrary amounts listed in the Plan as to the current installment payment and arrearage unless otherwise ordered by the court. Also, any determination in the Plan or by separate motion made under FRBP 3012 about the amount of a secured claim is binding on the creditor holding the claim, even if the holder files a contrary proof of claim, regardless of whether an objection to claim has been filed. If relief from the automatic stay is ordered as to a secured creditor on certain collateral, then all payments under the Plan to the secured creditor as to that collateral will cease.

E. ☒ The following modifications to the Plan have been agreed to by the Chapter 13 Trustee, and/or a creditor if applicable, and Debtor, or have been ordered by the court at the Plan confirmation hearing:

• Debtor's counsel and Debtor interlineate to the following modifications of the plan:
• Plan payments are interlineated to the amounts listed in Section I.A. of the Order Confirming Chapter 13 Plan.
• Trustee is designated as the post-petition disbursement agent and make monthly conduit payments to creditor PHH Mortgage Services' court proof of claim #2 beginning with the monthly conduit payment due 14 days following the Entry of the Order Confirming Plan.
• Any missed or otherwise delinquent amounts owed to a conduit creditor post-petition may be incorporated into the plan as a GAP claim. The GAP claim shall be paid through the plan.

F. Revesting Property

Property of the bankruptcy estate will revest in Debtor after a discharge is granted or, if the case is dismissed or closed without a discharge, in accordance with 11 U.S.C. § 349 and any order of the court. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Before any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

G. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

###

Date: July 27, 2023

Theodor C. Albert
United States Bankruptcy Judge

# EXHIBIT B

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | **Maria Mercedes Ibarra de Acosta** |
| Debtor 2 (Spouse, if filing) | |
| Unites States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** (State) |
| Case Number | **8:23-bk-10726-MH** |

Official Form 410C13-N

# Trustee's Notice of Disbursements Made

**12/25**

**The trustee must file this notice in a chapter 13 case within 45 days after the debtor completes all payments due to the trustee. Rule 3002.1(g)(1).**

## Part 1: Mortgage Information

**Name of claim holder:** PHH MORTGAGE SERVICES

**Court claim no.** (if known): 2

**Last 4 digits** of any number you use to identify the debtor's account: 5 9 8 1

**Property Address:**
1610 S Flower St
Number Street

SANTA ANA CA 92707
City State ZIP Code

## Part 2: Statement of Completion

The debtor has completed all payments due the trustee under the chapter 13 plan. A copy of the trustee's disbursement ledger for all payments to the claim holder is attached.

## Part 3: Arrearages

| | Amount |
|---|---|
| a. Allowed amount of prepetition arrearage: | $ 41,479.19 |
| b. Total amount of prepetition arrearage disbursed by the trustee: | $ 41,479.19 |
| c. Total amount of postpetition arrearage disbursed by the trustee: | $ 4,673.80 |
| d. Total amount of arrearages disbursed by the trustee: | $ 46,152.99 |

**Part 4: Postpetition Payment**

*Check one:*

☐ Postpetition payments are made by the debtor.

☒ Postpetition payments are paid through the trustee.

☐ Other:

**If the trustee has disbursed postpetition payments, complete a and b below; otherwise leave blank.**

a. Total amount of postpetition payments disbursed by the trustee as of date of notice: $ 72,300.07

b. The last ongoing mortgage payment disbursed by the trustee was the payment due on March 2026. All subsequent ongoing mortgage payments must be made directly by the debtor to the mortgage claimant.

**Part 5: Postpetition Fees, Expenses, and Charges**

Amount of postpetition fees, expenses, and charges disbursed by the trustee: $ 950.00

**Part 6: A Response Is Required By Bankruptcy Rule 3002.1(g)(3)**

**Within 28 days after service of this notice, the holder of the claim must file a response using Official Form 410C13-NR .**

✘ /s/ Amrane Cohen
Signature

Date 04/21/2026

Trustee Amrane Cohen
First Name Middle Name Last Name

Address ORANGE CITY SQUARE, 770 THE CITY DR. SOUTH, #3700
Number Street

ORANGE CA 92868
City State ZIP Code

Contact phone (714) 621-0200 Email efile@ch13ac.com

Debtor 1 **Maria Mercedes Ibarra de Acosta** Case Number **8:23-bk-10726-MH** 
Name

# History Of Payments

**Part 3 - b (Prepetition Arrears)**

| Claim # | Name | Date | Check # | Posting Description | Amount |
|---|---|---|---|---|---|
| 2 | PHH MORTGAGE SERVICES | 04/05/2024 | 6243713 | Amount Disbursed To Creditor | 669.00 |
| 2 | PHH MORTGAGE SERVICES | 05/03/2024 | 6244159 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 06/10/2024 | 6244634 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 07/12/2024 | 6245117 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 08/09/2024 | 6245551 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 09/06/2024 | 6245974 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 10/04/2024 | 6246400 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 11/08/2024 | 6246859 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 01/03/2025 | 6247696 | Amount Disbursed To Creditor | 1,648.32 |
| 2 | PHH MORTGAGE SERVICES | 02/07/2025 | 6248120 | Amount Disbursed To Creditor | 824.16 |
| 2 | PHH MORTGAGE SERVICES | 04/11/2025 | 6248978 | Amount Disbursed To Creditor | 1,648.32 |
| 2 | PHH MORTGAGE SERVICES | 05/09/2025 | 6249385 | Amount Disbursed To Creditor | 735.91 |
| 2 | PHH MORTGAGE SERVICES | 06/06/2025 | 6249751 | Amount Disbursed To Creditor | 735.91 |
| 2 | PHH MORTGAGE SERVICES | 07/02/2025 | 6250100 | Amount Disbursed To Creditor | 735.91 |
| 2 | PHH MORTGAGE SERVICES | 08/08/2025 | 6250481 | Amount Disbursed To Creditor | 735.91 |
| 2 | PHH MORTGAGE SERVICES | 09/05/2025 | 6250864 | Amount Disbursed To Creditor | 735.91 |
| 2 | PHH MORTGAGE SERVICES | 10/01/2025 | 6251237 | Amount Disbursed To Creditor | 735.91 |
| 2 | PHH MORTGAGE SERVICES | 04/10/2026 | 6253643 | Amount Disbursed To Creditor | 26,504.81 |
| | | | | Total for Claim Number 2: | 41,479.19 |
| | | | | **Total for Part 3 - b (Prepetition Arrears):** | **41,479.19** |

**Part 3 - c (Postpetition Arrears)**

| Claim # | Name | Date | Check # | Posting Description | Amount |
|---|---|---|---|---|---|
| 2 | PHH MORTGAGE SERVICES | 10/06/2023 | 6240899 | Amount Disbursed To Creditor | 382.60 |
| 2 | PHH MORTGAGE SERVICES | 11/09/2023 | 6241390 | Amount Disbursed To Creditor | 829.20 |
| 2 | PHH MORTGAGE SERVICES | 12/08/2023 | 6241847 | Amount Disbursed To Creditor | 829.20 |
| 2 | PHH MORTGAGE SERVICES | 01/05/2024 | 6242287 | Amount Disbursed To Creditor | 829.20 |
| 2 | PHH MORTGAGE SERVICES | 02/09/2024 | 6242776 | Amount Disbursed To Creditor | 829.20 |
| 2 | PHH MORTGAGE SERVICES | 03/08/2024 | 6243234 | Amount Disbursed To Creditor | 829.20 |
| 2 | PHH MORTGAGE SERVICES | 04/05/2024 | 6243713 | Amount Disbursed To Creditor | 145.20 |
| | | | | Total for Claim Number 2: | 4,673.80 |
| | | | | **Total for Part 3 - c (Postpetition Arrears):** | **4,673.80** |

**Part 4 - a (Postpetition Payments)**

| Claim # | Name | Date | Check # | Posting Description | Amount |
|---|---|---|---|---|---|
| 2 | PHH MORTGAGE SERVICES | 08/04/2023 | 6239885 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 09/08/2023 | 6240399 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 10/06/2023 | 6240899 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 11/09/2023 | 6241389 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 12/08/2023 | 6241847 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 01/05/2024 | 6242287 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 02/09/2024 | 6242776 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 03/08/2024 | 6243234 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 04/05/2024 | 6243713 | Ongoing Mortgage Payment | 2,236.20 |
| 2 | PHH MORTGAGE SERVICES | 05/03/2024 | 6244159 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 06/10/2024 | 6244634 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 07/12/2024 | 6245117 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 08/09/2024 | 6245551 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 09/06/2024 | 6245974 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 10/04/2024 | 6246400 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 11/08/2024 | 6246859 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 01/03/2025 | 6247696 | Ongoing Mortgage Payment | 4,452.48 |
| 2 | PHH MORTGAGE SERVICES | 02/07/2025 | 6248120 | Ongoing Mortgage Payment | 2,226.24 |
| 2 | PHH MORTGAGE SERVICES | 04/11/2025 | 6248978 | Ongoing Mortgage Payment | 4,452.48 |
| 2 | PHH MORTGAGE SERVICES | 05/09/2025 | 6249385 | Ongoing Mortgage Payment | 2,314.49 |
| 2 | PHH MORTGAGE SERVICES | 06/06/2025 | 6249751 | Ongoing Mortgage Payment | 2,314.49 |
| 2 | PHH MORTGAGE SERVICES | 07/02/2025 | 6250100 | Ongoing Mortgage Payment | 2,314.49 |
| 2 | PHH MORTGAGE SERVICES | 08/08/2025 | 6250481 | Ongoing Mortgage Payment | 2,314.49 |
| 2 | PHH MORTGAGE SERVICES | 09/05/2025 | 6250864 | Ongoing Mortgage Payment | 2,314.49 |
| 2 | PHH MORTGAGE SERVICES | 10/01/2025 | 6251237 | Ongoing Mortgage Payment | 2,314.49 |
| 2 | PHH MORTGAGE SERVICES | 12/05/2025 | 6252021 | Ongoing Mortgage Payment | 2,314.49 |
| 2 | PHH MORTGAGE SERVICES | 04/10/2026 | 6253643 | Ongoing Mortgage Payment | 9,257.96 |
| | | | | Total for Claim Number 2: | 72,300.07 |

Debtor 1 **Maria Mercedes Ibarra de Acosta** Case Number **8:23-bk-10726-MH** Page 2
Name

# History Of Payments

**Total for Part 4 - a (Postpetition Payments): 72,300.07**

**Part 5 (Postpetition Fees, Expenses, and Charges)**

| Claim # | Name | Date | Check # | Posting Description | Amount |
|---|---|---|---|---|---|
| 2 | PHH MORTGAGE SERVICES | 04/05/2024 | 6243713 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 05/03/2024 | 6244159 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 06/10/2024 | 6244634 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 07/12/2024 | 6245117 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 08/09/2024 | 6245551 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 09/06/2024 | 6245974 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 10/04/2024 | 6246400 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 11/08/2024 | 6246859 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 01/03/2025 | 6247696 | Amount Disbursed To Creditor | 30.00 |
| 2 | PHH MORTGAGE SERVICES | 02/07/2025 | 6248120 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 04/11/2025 | 6248978 | Amount Disbursed To Creditor | 30.00 |
| 2 | PHH MORTGAGE SERVICES | 05/09/2025 | 6249385 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 06/06/2025 | 6249751 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 07/02/2025 | 6250100 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 08/08/2025 | 6250481 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 09/05/2025 | 6250864 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 10/01/2025 | 6251237 | Amount Disbursed To Creditor | 15.00 |
| 2 | PHH MORTGAGE SERVICES | 04/10/2026 | 6253643 | Amount Disbursed To Creditor | 665.00 |
| | | | | Total for Claim Number 2: | 950.00 |

**Total for Part 5 (Postpetition Fees, Expenses, and Charges): 950.00**

# EXHIBIT C

Fill in this information to identify the case:

Debtor1 Maria Mercedes Ibarra de Acosta

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the : CENTRAL District of California
(State)

Case number 8:23-bk-10726-MH

# Official Form 410C13-NR

# Response to Trustee's Notice of Disbursements Made

**12/25**

**The claim holder must respond to the Trustee's Notice of Payments Made within 28 days after it was served. Rule 3002.1(g)(3).**

## Part 1: Mortgage Information

**Name of claim holder:** Onity Mortgage Corporation f/k/a PHH Mortgage Corporation

**Court claim no.** (if known): 2-1

***Please note the creditor is in the process of filing a Transfer of Claim to reflect the creditor as the transferee of this claim. However, this Response to Trustee's Notice of Disbursements Made is being filed to ensure the creditor's compliance with Fed. R. Bankr. P. 3002.1.**

**Last 4 digits** of any number you use to identify the debtor's account: 5981

**Property address:** 1610S FLOWER ST
Number Street

SANTA ANA , CA 92707
City State ZIP Code

## Part 2: Arrearages

The total amount received to cure any arrearages as of the date of this response: **$46,152.99**.

*Check all that apply:*

**[x]** The amount required to cure any prepetition arrearage has been paid in full.

☐ The amount required to cure the prepetition arrearage has not been paid in full. Amount of prepetition arrearage remaining unpaid as of the date of this response: $___________.

**[x]** The amount required to cure any postpetition arrearage has been paid in full. **Debtor to resume mortgage payments beginning April 1, 2026**

☐ The amount required to cure the postpetition arrearage has not been paid in full. Amount of postpetition arrearage remaining unpaid as of the date of this response: $ _________________.

**Part 3: Postpetition Payments**

*(a) Check all that apply:*

**[x]** The debtor is current on all postpetition payments, including all fees, charges, expenses, escrow, and costs.

☐ The debtor is not current on all postpetition payments. The claim holder asserts that the debtor is obligated for the postpetition payment(s) that first became due on:

☐ The debtor has fees, charges, expenses, negative escrow amounts, or costs due and owing.

(b) The claim holder attaches a payoff statement and provides the following information as of the date of this response:

i. Date last payment was received on the mortgage: **05/04/2026**

ii. Date next postpetition payment from the debtor is due: **04/01/2026 (Debtor to resume mortgage payments beginning April 1, 2026**

iii. Amount of the next postpetition payment that is due: **$2,314.49**

iv. Unpaid principal balance of the loan: **$524,620.33 (Principal $352,530.44 and Deferred principal $172,089.89)**

v. Additional amounts due for any deferred or accrued interest: **$2,504.73**

vi. Balance of the escrow account: **$1,519.13**

vii. Balance of unapplied funds or funds held in a suspense account: **$1,039.05**

viii. Total amount of fees, charges, expenses, negative escrow

amounts, or costs remaining unpaid: **$0.00**

## Part 4: Itemized Payment History

If the claim holder disagrees that the prepetition arrearage has been paid in full, states that the debtor is not current on all postpetition payments, or states that fees, charges, expenses, escrow, and costs are due and owing, it must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:

- all prepetition and postpetition payments received;
- the application of all payments received;
- all fees, costs, escrow, and expenses that the claim holder asserts are recoverable against the debtor or the debtor's principal residence; and
- all amounts the claim holder contends remain unpaid.

## Part 5: Sign Here

The person completing this response must sign it. Check the appropriate box:

☐ I am the claim holder

■ I am the claim holder's authorized agent.

**I declare under penalty of perjury that the information provided in this response is true and correct to the best of my knowledge, information, and reasonable belief.**

x /s/ Sean Ferry
Signature

Date 05/12/2026

Print Sean Ferry
First Name Middle Name Last Name

Title Authorized Agent

Company Robertson, Anschutz, Schneid & Crane LLP

**Identify the corporate servicer as the company if the authorized agent is a servicer**

Address 1 Park Plaza, Suite 600
Number Street

Irvine CA 92614
City State ZIP Code

Contact 470-321-7112

Email sferry@raslg.com

Case 8:23-bk-10726-MH Doc 61 Filed 05/12/26 Entered 05/12/26 12:30:50 Desc Main Document Page 4 of 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Robertson, Anschutz, Schneid & Crane LLP
1 Park Plaza, Suite 600
Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): Response to Trustee's Notice of Disbursement's Made will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/12/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Benjamin Heston bhestonecf@gmail.com
- Amrane (SA) Cohen (TR) efile@ch13ac.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/12/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Maria Mercedes Ibarra de Acosta
  1610 S Flower St
  Santa Ana, CA 92707

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/12/2026 | Long-Giang Nguyen | /s/ Long-Giang Nguyen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| Description | Amount |
|---|---|
| PRINCIPAL BALANCE | $ 352,530.44 |
| DEFERRED BALANCE | $ 172,089.89 |
| INTEREST 05/05/26 | $ 2,504.73 |
| PRO RATA MIP/PMI | $ - |
| ESCROW ADVANCE | $ - |
| ESCROW BALANCE | $ (1,519.13) |
| SUSPENSE BALANCE - TRUSTEE | $ - |
| SUSPENSE BALANCE - DEBTOR | $ (1,039.05) |
| SUSPENSE BALANCE - PP PAYMENT | $ - |
| HUD BALANCE | $ - |
| REPLACEMENT RESERVE | $ - |
| RESTRICTED ESCROW | $ - |
| ACCUM LATE CHARGES | $ - |
| ACCUM NSF CHARGES | $ - |
| OTHER FEES DUE | $ - |
| PENALTY INTEREST | $ - |
| FLAT/OTHER PENALTY FEE | $ - |
| CR LIFE/ORIG FEE RBATE | $ - |
| RECOVERABLE BALANCE | $ - |
| **Total** | $524,566.88 |

# EXHIBIT D

Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Tel: (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Brian@ch13ac.com

Chapter 13 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>MARIA MERCEDES IBARRA DE ACOSTA<br><br>Debtor(s). | **Case No.: 8:23-bk-10726-MH**<br><br>Chapter 13<br><br>**ORDER DETERMINING WHETHER DEFAULTS HAVE BEEN CURED AND POSTPETITION AMOUNTS PAID** |

On April 21, 2026, Amrane Cohen, Chapter 13 Trustee, (the "Trustee") filed a Trustee's Notice of Disbursements Made [Docket No. 52] which stated that payments were completed under the plan. On May 12, 2026, creditor PHH Mortgage (as servicer for Wells Fargo) filed a Response to Chapter 13 Trustee's Notice of Disbursements Made re Rule 3002.1 (Claim # 2) which stated that: a) all amounts required to cure prepetition arrears had been paid in full; b) that the amount required to cure any postpetition arrearage had been paid in full (with a notation that Debtor is to resume mortgage payments beginning April 2, 2026); and c) that debtor is current on all postpetition payments, including all fees, charges, expenses, escrow, and costs.

On May 26, 2026, the Trustee filed a Motion to Determine Final Cure and Payment of the Mortgage Claim re Rule 3002.1 [Docket No. 58] (the "Motion") under FRBP

3002.1(g)(4)(A) for the Court to determine whether defaults have been cured and postpetition amounts paid with respect to the following mortgage:

**Name of Claim Holder:** Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 ("Wells Fargo").

**Court claim no.:** 02.

**Last 4 digits of any number used to identify the debtor's account:** 5981.

**Property address:** 1610 Flower Street, Santa Ana, CA 92707.

On July 1, 2026, Wells Fargo filed a Response to Motion to Determine Final Cure and Payment of the Mortgage Claim re Rule 3002.1 (Claim #2) (the "Response") which asserted that: a) as of the date of the Response, the debtor had paid in full the amount required to cure any arrearage on this mortgage claim; and b) the debtor was current on all postpetition payments, including all fees, charges, expenses, escrow, and costs.

Based upon the uncontroverted facts set forth in the Motion and the Response, the Court finds that:

1. As of the date of the Motion, the Trustee has disbursed payments to cure arrearages as follows:

a. Allowed amount of the prepetition arrearage, if any: $41,479.19.

b. Total amount of the prepetition arrearage disbursed, if known: $41,479.19.

c. Allowed amount of postpetition arrearage, if any: $4,673.80.

d. Total amount of postpetition arrearage disbursed, if known: $4,673.80.

e. Total amount of arrearages disbursed: $46,152.99.

2. As of the date of the Motion, the Trustee has disbursed payments for postpetition fees, expenses, and charges as follows:

a. Amount of postpetition fees, expenses, and charges noticed under Rule 3002.1(c) and not disallowed: $950.00.

b. Amount of postpetition fees, expenses, and charges disbursed: $950.00.

3. As of the date of the Motion, the Trustee has made the following payments on the postpetition obligations: $72,300.07.

Based on foregoing facts, and for good cause appearing,

IT IS ORDERED that:

1. The debtor has cured all defaults and paid all required postpetition amounts through the month of March 2026;

2. The claim holder must credit payments received from the debtor on or after April 21, 2026 to the monthly payments due beginning April 1, 2026; and

3. The claim holder must not assess to the account any defaults, fees, or other charges arising or incurred prior to April 21, 2026.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF HEARING AND TRUSTEE'S REPLY TO RESPONSE TO MOTION TO DETERMINE FINAL CURE AND PAYMENT OF MORTGAGE CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/24/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/24/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Maria Mercedes Ibarra de Acosta
1610 S Flower St
Santa Ana, CA 92707

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. MARK D HOULE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/24/2026 | Brian Wirsching | /s/ Brian Wirsching |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

MAIL SERVICE

PHH Mortgage Corporation
Attn: Bankruptcy Department
PO Box 24605
West Palm Beach, FL 33416-4605

NEF SERVICE LIST

- **Amrane (SA) Cohen (TR)** efile@ch13ac.com
- **Theron S Covey** AttorneyTCovey@gmail.com
- **Sarah Arlene Dooley-Lewis** sdooleylewis@raslg.com
- **Dane W Exnowski** dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Sean C Ferry** sferry@raslg.com, sean.ferry7@ecf.courtdrive.com
- **Benjamin Heston** bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov