United States Bankruptcy Court

Central District of California

In re:
Maria Mercedes Ibarra de Acosta
Debtor

Case No. 23-10726-MH
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0973-8 | User: admin | Page 1 of 2
Date Rcvd: Sep 21, 2026 | Form ID: pdf042 | Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 23, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Maria Mercedes Ibarra de Acosta, 1610 S Flower St, Santa Ana, CA 92707-1504 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 23, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 21, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Amrane (SA) Cohen (TR) | efile@ch13ac.com |
| Benjamin Heston | on behalf of Debtor Maria Mercedes Ibarra de Acosta bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Craig A Edelman | on behalf of Creditor WELLS FARGO BANK NATIONAL ASSOCIATION notice@bkcylaw.com |
| Dane W Exnowski | on behalf of Interested Party Courtesy NEF dane.exnowski@mccalla.com bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com |
| Dane W Exnowski | on behalf of Creditor Wells Fargo Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com |

| | |
|---|---|
| Sarah Arlene Dooley-Lewis | on behalf of Creditor Wells Fargo Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 sdooleylewis@raslg.com |
| Sean C Ferry | on behalf of Creditor Onity Mortgage Corporation F/K/A PHH Mortgage Corporation sferry@raslg.com sean.ferry7@ecf.courtdrive.com |
| Sean C Ferry | on behalf of Creditor Wells Fargo Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 sferry@raslg.com, sean.ferry7@ecf.courtdrive.com |
| Theron S Covey | on behalf of Creditor Wells Fargo Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 AttorneyTCovey@gmail.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 10

Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Tel: (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Brian@ch13ac.com

Chapter 13 Trustee

FILED & ENTERED

SEP 21 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>MARIA MERCEDES IBARRA DE ACOSTA<br><br>Debtor(s). | **Case No.: 8:23-bk-10726-MH**<br><br>Chapter 13<br><br>**ORDER DETERMINING WHETHER DEFAULTS HAVE BEEN CURED AND POSTPETITION AMOUNTS PAID**<br><br>Hearing:<br>Date: September 17, 2026<br>Time: 10:30 am<br>Courtroom: 6C<br>Address: 411 West Fourth Street, Santa Ana, CA 92701 |

On April 21, 2026, Amrane Cohen, Chapter 13 Trustee, (the “Trustee”) filed a Trustee’s Notice of Disbursements Made [Docket No. 52] which stated that payments were completed under the plan. On May 12, 2026, creditor PHH Mortgage (as servicer for Wells Fargo) filed a Response to Chapter 13 Trustee's Notice of Disbursements Made re Rule 3002.1 (Claim # 2) which stated that: a) all amounts required to cure prepetition arrears had been paid in full; b) that the amount required to cure any postpetition arrearage had been paid in full (with a notation that Debtor is to resume mortgage payments

beginning April 2, 2026); and c) that debtor is current on all postpetition payments, including all fees, charges, expenses, escrow, and costs.

On May 26, 2026, the Trustee filed a Motion to Determine Final Cure and Payment of the Mortgage Claim re Rule 3002.1 [Docket No. 58] (the "Motion") under FRBP 3002.1(g)(4)(A) for the Court to determine whether defaults have been cured and postpetition amounts paid with respect to the following mortgage:

**Name of Claim Holder:** Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 ("Wells Fargo").

**Court claim no.:** 02.

**Last 4 digits of any number used to identify the debtor's account:** 5981.

**Property address:** 1610 Flower Street, Santa Ana, CA 92707.

On July 1, 2026, Wells Fargo filed a Response to Motion to Determine Final Cure and Payment of the Mortgage Claim re Rule 3002.1 (Claim #2) (the "Response") which asserted that: a) as of the date of the Response, the debtor had paid in full the amount required to cure any arrearage on this mortgage claim; and b) the debtor was current on all postpetition payments, including all fees, charges, expenses, escrow, and costs.

Based upon the uncontroverted facts set forth in the Motion and the Response, the Court finds that:

1. As of the date of the Motion, the Trustee has disbursed payments to cure arrearages as follows:

a. Allowed amount of the prepetition arrearage, if any: $41,479.19.

b. Total amount of the prepetition arrearage disbursed, if known: $41,479.19.

c. Allowed amount of postpetition arrearage, if any: $4,673.80.

d. Total amount of postpetition arrearage disbursed, if known: $4,673.80.

e. Total amount of arrearages disbursed: $46,152.99.

2. As of the date of the Motion, the Trustee has disbursed payments for postpetition fees, expenses, and charges as follows:

a. Amount of postpetition fees, expenses, and charges noticed under Rule 3002.1(c) and not disallowed: $950.00.

b. Amount of postpetition fees, expenses, and charges disbursed: $950.00.

3. As of the date of the Motion, the Trustee has made the following payments on the postpetition obligations: $72,300.07.

Based on foregoing facts, and for good cause appearing,

IT IS ORDERED that:

1. The debtor has cured all defaults and paid all required postpetition amounts through the month of March 2026;

2. The claim holder must credit payments received from the debtor on or after May 2, 2026 to the monthly payments due beginning April 1, 2026; and

3. The claim holder must not assess to the account any defaults, fees, or other charges arising or incurred prior to May 2, 2026.

###

Date: September 21, 2026

Mark Houle
United States Bankruptcy Judge